UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOHN PATRICK MURPHY,

Plaintiff,

v.

SHERYL RAMSTAD HVASS,
JEFF PETERSON, and
JOHN PETERSON,

Defendants.

---

Civil File No. 01-701 (PAM/AJB)

ORDER

Plaintiff, a prisoner at the Minnesota Correctional Facility, Oak Park Heights, Minnesota, has filed a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) He has also tendered an initial partial filing fee of $2.00, pursuant to 28 U.S.C. § 1915(b)(1). The matter is now before the Court for the purpose of determining whether Plaintiff should be allowed to prosecute his claims as an IFP litigant.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that he will be allowed to bring the present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid balance of the filing fee, (in this case $148.00), in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

FILED APR 30 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Because IFP status is being granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Marshal service will therefore be ordered on the named Defendants. However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, together with an extra copy of the complaint, for each Defendant to be served.[1] See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement by May 25, 2001, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285), and an extra copy of the Complaint. (Form USM-285 will be provided by the Clerk's office upon request.)

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and

---

[1] Plaintiff has furnished one extra copy of the complaint for service, which is currently being held in the Clerk's office. Therefore, he will be required to submit only two more copies.

complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, ($148.00), in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before May 25, 2001, Plaintiff shall file one completed Form USM-285 and one extra copy of the complaint for each Defendant to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the complaint;

5. A copy of this order shall be served by the Marshal with the summons and complaint; and

6. Those Defendants on whom service of process is effected shall be required to file a response to Plaintiff's complaint.

Dated: 4/30, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge