UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

John Patrick Murphy,

Plaintiff,

v.

Sheryl Ramstad Hvass, Jeff Peterson, and John Peterson,

Defendants.

Civil File No. 01-701 (PAM/AJB)

**ORDER ON MOTIONS FOR APPOINTMENT OF COUNSEL AND DEFAULT JUDGMENT**

This matter is before the Magistrate Judge on plaintiff's motion for appointment of counsel [Docket No. 6] and motion for default judgment [Docket No. 4]. A complaint alleging violation of plaintiff's civil rights is pending before the court.

Based upon the entire file, including the motion and pleadings submitted by the plaintiff, **IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **denied** [Docket No. 6]. **IT IS FURTHER ORDERED** that plaintiff's motion for default judgment is **denied** [Docket No. 4].

Dated: 7/13/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff has filed a motion seeking appointment of counsel. He asserts that he is unable to afford counsel; he has limited knowledge of the law; he has no access to a law library

FILED JUL 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and the issues in the case are complex and will require discovery. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, in a civil case, "there is no constitutional or statutory right for an indigent to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The court should determine if "the nature of the litigation is such that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

With respect to plaintiff's motion for default judgment, he alleges that he did not receive a timely answer. The motion is dated June 19, 2001, and was filed with the Court on June 22, 2001. The file contains a separate acknowledgment of service by each defendant in

which the defendant acknowledged service on June 20, 2001. There was no effective personal service prior to that time. A Joint Answer was timely filed on July 10, 2001. Plaintiff's motion for default judgment was premature and without merit, and the motion is therefore denied.