**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

John Patrick Murphy, Civil File No. 01-701 (PAM/AJB)

Plaintiff,

v. **REPORT AND RECOMMENDATION**

Sheryl Ramstad Hvass, Jeff Peterson, and John Peterson,

Defendants.

---

This matter is before the United States Magistrate Judge for Report and Recommendation on defendants' motion for summary judgment based upon Eleventh Amendment immunity [Docket No. 13]. Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983. The complaint alleges that plaintiff was unlawfully held at the Minnesota Correctional Facility at Oak Park Heights for 36 days beyond his scheduled release date. Plaintiff contends that extended confinement caused him emotional distress and led to physical manifestations of such distress. He alleges violation of due process rights and the Eighth Amendment prohibition against cruel and unusual punishment and seeks nominal damages for constitutional injury, compensatory damages for actual injuries, and punitive damages. Plaintiff has submitted written opposition to defendants' summary judgment motion and a cross-motion for summary judgment based upon his proposed claim for damages based upon individual capacity liability [Docket No. 18].



APR 0 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants in this action note that plaintiff's complaint does not indicate whether defendants are sued in an official or an individual capacity and assert that it is therefore presumed that they are sued only in their official capacities. Defendants thereafter argue that Eleventh Amendment immunity from liability for acts performed in an official capacity applies to bar the claims in this action entirely. Plaintiff in his response essentially ignored the Eleventh Amendment defense. Rather, he moved to amend the complaint to allege the same claims against defendants in their individual capacities and he seeks summary judgment against defendant on the presumed amended complaint.[1] For reasons discussed below, the Court recommends that plaintiff's motion for summary judgment be denied; that defendants' motion for summary judgment be granted; and that the complaint in this action be dismissed with prejudice.

## DISCUSSION

**Background**

Plaintiff John Patrick Murphy commenced this action by filing a complaint on April 24, 2001, while he was a state prisoner incarcerated at the Minnesota Correctional Facility at Oak Park Heights. The complaint alleges that he was improperly imprisoned at MCF–Stillwater from July 3, 2000, until August 7, 2000, as a result of being held past his scheduled release date. Defendant Sheryl Ramstad Hvass is the Minnesota Commissioner of Corrections; defendant Jeff Peterson is the Executive Director of the Hearings and Release Unit; and defendant John Peterson was plaintiff's Case Manager at MCF–Stillwater. All defendants

[1] By separate Order plaintiff motion to amend the complaint is denied on grounds of untimeliness and futility. A pending discovery motion is also denied.

are employees of the Minnesota Department of Corrections. The record contains no narrative explanation of the circumstances underlying plaintiff's confinement for the period of time at issue in this case, and neither the complaint nor plaintiff's motion documents provides any explanation of the role played by a particular defendant in the alleged unlawful confinement. Plaintiff's complaint states that the prisoner's release was obtained through a state habeas corpus action commenced in Washington County District Court. The record indicates that plaintiff was subsequently re-incarcerated and is presently located at MCF–Moose Lake.

**Summary Judgment**

Defendants move for summary judgment dismissing the complaint in this matter on Eleventh Amendment grounds. Plaintiff also moves for summary judgment, essentially based upon defendant's failure to allege qualified immunity from individual liability. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to put forth evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In satisfying this burden, however, the opposing party must do more than simply establish doubt as to the material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita at

586, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56(e). Pro se pleadings should be given a liberal construction and held to a less stringent standard than attorney drafted pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the opposing party still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

**Eleventh Amendment Immunity**

The Eleventh Amendment protects the State and arms of the State from liability for damages in a Section 1983 action. This same immunity extends to state officials who are named as defendants in a Section 1983 action where the suit it brought against an individual acting in an official capacity. In such a case the action is not against the person but is against the office and is no different from a suit against the State itself. See Hafer v. Melo, 502 U.S. 21, 25-26 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Plaintiff has named the Minnesota Commissioner of Corrections, the Executive Director of the Hearings and Release Unit; and his prison case manager at MCF–Stillwater as defendants in this action. The complaint does not explicitly indicate whether defendants are sued in an individual or official capacity. A plaintiff who wishes to sue a state official in a personal capacity must so specify in the complaint. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(citing Nix v. Norman, 879 F.2d 429 (8th Cir. 1989)). The Eighth Circuit has provided simple and explicit instruction on the manner in which to assert claims against defendants in both their individual and official capacities. Nix v. Norman, 879 F.2d at 431. A complaint which does not specify the capacity in which defendants are sued is interpreted to

include only official capacity claims. Egerdahl at 619. The complaint in this case did not state whether defendants were sued in a personal or official capacity and it is therefore appropriate to construe the pleading as alleging only official capacity claims.

All of the defendants in this matter are corrections department employees and a "Certification of Appointing Authority"[2] has been submitted by or on behalf of each of them, therein certifying that the defendant was an employee of the state of Minnesota and was acting in the scope of employment at the time relevant to the allegations in this case. Each certification was made for the purpose of providing the respective defendant with a legal defense and indemnification pursuant to Minn. Stat. §3.736, subd. 9. Neither the pleadings nor plaintiff's motion documents arguments allege specific actions by any of the named defendants which are clearly outside the scope of their official duties as employees of the State of Minnesota or the correctional facility, an arm of the State. To the extent that plaintiff seeks monetary damages for actions taken by any defendant acting in an official capacity, the claims are precluded by Eleventh Amendment immunity. Since the complaint in this action seeks only money damages and defendants are sued in their official capacities, the Eleventh Amendment bars all claims in this case and dismissal of the suit is appropriate.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the Magistrate Judge **recommends** that defendants' motion for summary judgment [Docket No. 13] be **granted**, and plaintiff's complaint be dismissed with prejudice. It is further **recommended** that plaintiff's motion for summary judgment [Docket No. 18] be **denied**.

---

[2] Affidavit of Mark Levinger, Exh. A, B, and C. [Docket No. 17}

Dated: April 3, 2002

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 17, 2002.