**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

John Patrick Murphy,

Civil File No. 01-701 (PAM/AJB)

Plaintiff,

v.

**ORDER ON MOTION TO COMPEL DISCOVERY AND MOTION TO AMEND**

Sheryl Ramstad Hvass, Jeff Peterson, and John Peterson,

Defendants.

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel discovery and hold defendants in contempt of court [Docket No. 11] and motion to amend the complaint to allege defendants' individual liability [Docket No. 18]. Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983, alleging that he was unlawfully held at the Minnesota Correctional Facility at Oak Park Heights for 36 days beyond his scheduled release date. Defendants contend that the complaint must be construed as an official capacity complaint only and have moved for summary judgment on Eleventh Amendment immunity grounds. Plaintiff has responded with a motion to amend the complaint to allege defendants' individual liability for monetary damages. Defendants do not oppose the motion to amend, but seek permission to file additional motions in the event the motion is granted. Plaintiff also moved to compel discovery.

Base upon review of the file, pleadings, and motion documents submitted by the



APR 0 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

parties, **IT IS HEREBY ORDERED THAT** plaintiff's Motion to Compel Discovery and Hold Defendants in Contempt of Court is **denied** [Docket No. 11]. **IT IS FURTHER ORDERED THAT** plaintiff's motion to amend the complaint is **denied** [Docket No. 18].

Dated: April 3, 2002

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

**Discovery Motion.** Plaintiff moved to compel discovery, and as sanction for defendants' alleged refusal to comply with the Court's Pretrial Scheduling Order, plaintiff further moves for a finding that defendants are in contempt. By affidavit in support of the motion, plaintiff asserts that he sent two letters to defense counsel regarding a document request, but received no response. Fed. R. Civ. P. 37(a) provides that a party may move to compel disclosures required under the rules and to compel answers to interrogatories. Local Rule 37.2 states that a discovery motion shall include a specification of the discovery in dispute and a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion. Plaintiff's motion consists of general allegations that defendants have not provided requested information and are not complying with unspecified provisions of the Pretrial Scheduling Order and rules relating to discovery. The motion and supporting affidavit do not contain a specification of discovery in dispute, do not recite the requests which are the subject of the dispute, and do even indicate the nature of the documents and information being requested.

Plaintiff's motion does not provide a basis for granting relief and certainly provides no justification for sanctions, and is therefore denied.

**Motion to Amend Complaint.** In response to defendants' motion to dismiss the complaint in this matter on Eleventh Amendment immunity grounds, plaintiff moves to amend the complaint to allege defendants' liability in an individual capacity. The motion to amend was served and filed with the Court on February 13, 2002, after the motion to dismiss was served and filed and long after the January 1, 2002, nondispositive motions deadline had passed. Plaintiff did not move for extension of the pretrial discovery order and has not shown good cause for failing to move for extension of the motions deadline as required under Local Rule 16.3. In addition, plaintiff has failed to submit a copy of the proposed amended pleading as required by Local Rule 15.1. Plaintiff's motion to amend the complaint is therefore denied as untimely.

The Court also concludes that plaintiff's motion to amend to add claims against defendants in their individual capacities is properly denied as futile. Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires. The decision on whether to grant or deny motion to amend a pleading lies within the sound discretion of the court, and it is not a abuse of that discretion to deny leave to amend when granting leave is unlikely to be productive. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). The court may refuse to permit amendment to assert claims which could not survive motion to dismiss. Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989). Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). In this instance the motion for leave to amend the complaint is futile in light of the

inadequacy of the pleading. Upon review of the entire record, including the pleadings and memorandums relating to pending cross-motions for summary judgment, the Court finds no incriminating allegations whatsoever with respect to personal involvement of the named defendants, and finds no fact allegations that would support a claim for individual capacity liability. A plaintiff in an action under 42 U.S.C. §1983 must allege either a party's direct involvement in alleged unconstitutional actions or the party's participation in the policy decision that created the unconstitutional basis for the allegations. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Absent direct personal involvement, the plaintiff must show that the particular defendant failed to properly train, supervise, direct, or control the subordinate who was directly involved in causing the alleged injury. Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989). As noted above, the complaint in this matter contains no description or allegation of the personal involvement of these defendants and the mere addition of claims against defendants in an individual capacity does nothing whatsoever to establish personal involvement. Moreover, evidence sufficient to support the basic allegation of the complaint should be a matter of plaintiff's personal knowledge in this instance and not contingent upon discovery. Under these circumstances the mere allegation of individual liability is not sufficient to survive a motion to dismiss for lack of personal involvement. See Martin v. Sargent, 780 F.2d at 1338. Plaintiff's motion to amend the complaint is therefore denied on the alternative grounds of futility as well as untimeliness.