UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Patrick Murphy, Civ. File No. 01-701 (PAM/AJB)

Plaintiff,

v. **ORDER**

Sheryl Ramstad Hvass, Jeff Peterson,
and John Peterson

Defendants.

---

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("R&R") of Magistrate Judge Boylan dated April 3, 2002. In the R&R, Magistrate Judge Boylan considered Plaintiff's claims that his civil rights were violated pursuant to 42 U.S.C. § 1983 when he was allegedly held 36 days past his scheduled release date at the Minnesota Correctional facility at Oak Park Heights. The Magistrate Judge determined that Defendants, employees of the Minnesota Department of Corrections, were entitled to summary judgment based upon Eleventh Amendment immunity. Because the Complaint did not state any particularities pertaining to the alleged improper incarceration and because Plaintiff's motion to amend the Complaint to allege Defendants' liability in an individual capacity was untimely, the Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed with prejudice.

The Court must conduct a de novo review of any portion of the Magistrate Judge's recommendation to which specific allegations are made. 28 U.S.C. § 636(b)(1). Plaintiff

FILED MAY 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAY 30 2002
DEPUTY CLERK

objects to the R&R on several grounds. First, Plaintiff asserts that his claims are not precluded by Eleventh Amendment immunity. Second, Plaintiff argues that it was error for the Magistrate Judge to construe his pleading as suing Defendants in their official capacities when the Complaint was silent on the issue of what capacity was being challenged and, alternatively, that his motion to amend the Complaint to sue Defendants in their individual capacities was improperly denied. Finally, Plaintiff maintains that Defendant's actions were outside the scope of their official duties. Essentially, Plaintiff's objections are reiterations of allegations made in his Complaint and in subsequent motions and contain no additional grounds for review. Thus, the Magistrate Judge's well-reasoned explanation of the controlling law supports his recommendation.

A plaintiff may seek monetary damages from a state official if he sues the official in his personal capacity. See Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Because the Complaint did not indicate whether Plaintiff was suing Defendants in their official or individual capacities, it was construed as suing Defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(citing Nix v. Norman, 879 F.2d 429 (8th Cir. 1989)). Because Defendants were corrections department employees at the time of the alleged improper incarceration and the Complaint seeks monetary damages, the suit is barred by the Eleventh Amendment.

Plaintiff responded to Defendants' motion to dismiss the Complaint with a motion to amend to allege Defendants' liability in an individual capacity. The motion was filed

nearly six weeks after the nondispositive motions deadline had passed. The Magistrate Judge noted that Plaintiff did not show good cause for failing to move for an extension of the motions deadline as required under Local Rule 16.3. Additionally, Plaintiff did not submit a copy of the proposed amended pleading as required under Local Rule 15. Plaintiff's objection to the R&R on this ground again omits any explanation for failing to meet the motions deadline or for failing to submit a copy of the proposed amended pleading. Accordingly, the Magistrate Judge was justified in denying the motion to amend as untimely.

Finally, as with the Complaint, Plaintiff's objections offer no specific allegations as to why Plaintiff believes Defendants were acting outside the scope of their official duties. Therefore, this Court has no choice but to conclude that this argument is without merit.

After carefully reviewing the record and both parties' submissions, the Court endorses the Report and Recommendation (Clerk Doc. No. 22). Therefore, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Clerk Doc. No. 13) is **GRANTED**, and that Plaintiff's Complaint is dismissed with prejudice. It is further **ORDERED** that Plaintiff's Motion for Summary Judgment (Clerk Doc. No. 18) is **DENIED**.

Dated: May 30, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995